(22 Misc. Rep. 90.)

NICHOLS et al. v. NEHRBASS.

(Supreme Court, Appellate Term.    December 27, 1897.)

1. OBJECTIONS TO EVIDENCE—WAIVER.
   In an action to recover for goods sold, and which were delivered at a certain store, plaintiff's witnesses testified that the goods were ordered by the defendant personally, while the latter denied it.    In charging the jury, the trial judge submitted to them the question of defendant's liability upon the issue as to the actual ownership of the business carried on at the store. *Held* that, by acquiescing in this charge, plaintiffs waived any objection, on the ground of relevancy, to evidence that defendant had no interest in that business.

2. ACTION FOR PRICE—INSTRUCTIONS.
   The defendant's contention was that the business was owned by his son, who had the same name,—Philip Nehrbass.    Four receipts for goods deliv-

ered at the store were in evidence, all being signed with that name, and one of these signatures being written by the defendant personally. The judge charged, at the defendant's request, "that the fact of the name of 'Philip Nehrbass' signed to the receipts is no evidence that he ordered the goods." *Held* no error, the charge evidently relating to the mere form of the signatures, and not to the fact that defendant personally wrote one of them.

Appeal from city court of New York, general term.

Action by James E. Nichols and others against Philip Nehrbass. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William S. Maddox and Hotchkiss & Maddox, for appellants.

A. H. Berrick, for respondent.

DALY, P. J. The plaintiffs, who are wholesale grocers, sued to recover for goods to the value of $110.02 furnished between November 5 and November 28, 1893, to the retail store No. 64 Avenue B, and the question submitted to the jury was whether the goods were ordered by the defendant, or were furnished to any business in which he was interested. It appears that he had a son bearing his name, and the defense was that the business at Avenue B belonged to the son, and was opened in July, 1893; that, previous to that date, the defendant had a place of business in Fourth street, and dealt with plaintiffs, but that that business was discontinued, and defendant went to Europe for his health, before the place in Avenue B was opened. He returned in September, and lived with his son and daughters over that shop during the period that the goods in suit were ordered and delivered. The plaintiffs' salesman swore that the goods were personally ordered by the defendant. The latter denied it, and the trial court admitted, on behalf of defendant, evidence that his son paid the rent of the store, that the father had no interest in it, that a sign bearing the name Philip Nehrbass, Jr., was displayed there, and the testimony of the sisters of Philip Nehrbass, Jr., who were in the store, one part of the time, and one all the time, that their father never to their knowledge gave an order for goods. To the admission of this evidence the plaintiffs excepted.

It was competent, upon the issue as to whether these goods were sold to the defendant, to show that the business to which they were furnished did not belong to him; for, although the plaintiffs' salesman testified to direct orders for the goods, given personally by the defendant, the personal transactions were denied, and, if the jury were in doubt on that point, they could have found for the plaintiffs, if they believed that the business belonged to the defendant, and that the goods were supplied to it, as he would be liable then as an undisclosed principal. That very issue was submitted to the jury on the charge of the court, without objection, the trial judge saying:

"The issue that is presented here is that the defendant is not liable for the debt, inasmuch as he never contracted it; that the goods were not furnished for any business in which he was interested; and that he never ordered them."

Having acquiesced in the submission of the question of liability on the issue as to actual ownership of the business, plaintiffs cannot now argue that the evidence referred to was irrelevant.

The testimony of the sisters of Philip Nehrbass, Jr., who assisted in the business, that they never knew of orders for goods being given by the father, was admissible as showing the absence of acts of control or interference with the business on his part. One of these sisters was always in the store, and was in a position to know whether he gave orders; the other was present part of the time, and her testimony, of course, related to that part of the period in question. Their evidence was of the same character as that offered to show that the business in which the goods were ordered was the son's, and not the father's.

There was but one exception taken by plaintiffs to the charge to the jury. The defendant asked the court to charge "that the fact of the name of 'Philip Nehrbass' signed to the receipts is no evidence that he ordered the goods." The court charged it, and the plaintiff excepted; and the question is whether the instruction was proper. The receipts in question were given under the four several deliveries of the goods, at the Avenue B store, on November 6th, 14th, 17th, and 28th, respectively. Each was signed "Philip Nehrbass," and the signatures to three of them were in the hand of one of the sisters, but the fourth and last was signed by the defendant. This fact afforded ground for inferring that he had some interest in the business, and also tended to corroborate the testimony that the goods were originally ordered by him. The court did not charge the contrary, and, in fact, in response to a previous request of the defendant to charge that the receipts were not evidence that the defendant gave the order, or that credit was extended to him, expressly refused to so instruct the jury. The charge to which the plaintiffs excepted evidently referred to the inference which it was thought might be drawn from the form of the signatures to all four receipts, which purported to be that of Philip Nehrbass, Sr., and not Philip Nehrbass, Jr., since it was written simply "Philip Nehrbass." The defendant asked that the fact that the name was so signed, or written, in all the receipts, was no evidence that he ordered the goods; and that was correct. The instruction did not refer to the effect of the admitted signature to the last receipt, but to the form of all of them. As to three of them, they were not in his hand, but his daughter's; and, while her act might be significant with respect to the ownership of the business, it had no bearing on the issue as to the personal transaction between the defendant and the plaintiffs' salesman. The charge was, therefore, correct, when considered in connection with the instructions already given, and could not have been understood by the jury as a ruling with regard to the one admitted signature of defendant, instead of the form, merely, of all the signatures. No request for instruction on this, or any, subject was made by plaintiffs, who could have cleared up any ambiguity or uncertainty by a timely suggestion.

The judgment should be affirmed, with costs. All concur.